Miller et al. v. Miller, 190 Ill. App. 363.

---

### A. H. Miller and A. E. Foster, Appellees, v. Joseph A. Miller, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 16, 1914. Rehearing denied November 6, 1914.

### Statement of the Case.

Action in assumpsit by A. H. Miller and A. E. Foster against Joseph A. Miller to recover $480 claimed to be

364 APPELLATE COURTS OF ILLINOIS.

due on account of services performed in finding a purchaser for an eighty acre tract of land. The case was tried three times in Moultrie county and new trials granted, after which the case was transferred to Douglas county by a change of venue. It appeared that the defendant agreed to pay $1 per acre commission for selling the land and all the plaintiffs could get above the price of $150 per acre. A purchaser was procured who agreed to pay $155 per acre, but such purchaser abandoned the contract and forfeited the first payment of $400. At the close of the plaintiff's evidence, the defendant not offering any evidence, the court instructed a verdict for plaintiff for $94.30, being the commission of $1 per acre and interest. Both parties moved for a new trial, and the motions being overruled, judgment was entered whereupon the defendant appealed.

At the April term the Appellate Court reversed and remanded the case on the plaintiff's assignment of cross-errors. A petition for rehearing was filed and granted. Afterwards the appellees notified the court that such petition was not filed within the time prescribed by the rule of court, and should not have been allowed, but no motion to strike the petition was made.

JACK & WHITFIELD, for appellant.

E. J. MILLER and F. M. HARBAUGH, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. VENDOR AND PURCHASER, § 118*—*when contract may be enforced.* A contract for the sale of land which stipulates for the payment of liquidated damages in case of failure to perform, but which is not in the alternative, and does not contain any provision

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that it shall become null and void on the failure to perform any of its conditions, is not an optional contract, and its performance may be enforced.

2. BROKERS, § 65*—*when brokers entitled to compensation.* Where real estate brokers produced a purchaser ready, able and willing to buy land at the price fixed, they were entitled to compensation for their services, and when the agreement provided that the brokers were to be entitled to an additional sum if the price exceeded that asked by the seller, they would be entitled to such excess when the sum was paid, but an action for the excess could not be maintained until the money was paid.

3. BROKERS, § 99*—*when instruction as to amount of compensation erroneous.* In an action for commissions for procuring a purchaser for real estate, the refusal to give an instruction assessing damages, as requested, was proper, where the amount stated was more than the *ad damnum,* and such amount stated was not due under the contract.

4. APPEAL AND ERROR, § 1156*—*when rehearing may be permitted though petition not filed in time.* While the granting of a rehearing may be erroneous because the petition therefor is not filed in time, the court has control over its judgments during the term at which they are entered, and such rehearing may be allowed to stand as granted on the court's initiative.